UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK C. BORTON,<br>  *Plaintiff*,<br>  *v.*<br>NETSOFT USA, Inc., ARMAN OZGUN, and EPAM SYSTEMS, Inc.,<br>  *Defendants*,<br>  and<br>EQUITY HEALTH PARTNERS, LLC,<br>  *Nominal Defendant.* | Civil No. 3:14-cv-1359 (JBA)<br><br>November 17, 2014 |

**RULING ON MOTION TO REMAND**

Plaintiff Mark C. Borton, shareholder and member of Equity Health Partners ("EHP") brought this suit in state court both individually and derivatively on behalf of EHP against Defendant Netsoft USA, Inc. ("Netsoft") which is also a shareholder and member of EHP, Defendant Arman Ozgun, co-founder and managing partner of Netsoft, Defendant EPAM Systems, Inc. ("EPAM"), the successor in interest to Netsoft USA, and Nominal Defendant EPH, alleging that Netsoft appropriated and marketed EHP's sole proprietary product without compensating EHP.  (Compl. [Doc. # 1-3] ¶¶ 3, 5–9.) Defendants Netsoft and Ozgun, with EPAM's consent, removed the case [Doc. # 1] to this Court on September 17, 2014, on the basis of diversity jurisdiction.  Plaintiff now moves [Doc. # 13] to remand the case to state court for lack of complete diversity.  Defendants failed to oppose this motion.

In support of his claim, Plaintiff argues that Nominal Defendant EHP is a citizen of Connecticut, Plaintiff is also a citizen of Connecticut, and therefore complete diversity is lacking here.  "Diversity jurisdiction requires that all of the adverse parties in a suit . . .

be completely diverse with regard to citizenship." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) (internal quotation marks omitted). In the Second Circuit, a limited liability company is deemed to have the citizenship of each of its members. *Id.* Because both Plaintiff (*see* Compl. ¶ 3) and another shareholder of EHP, Dean Sperry (*see* Ex. A to Compl. ¶ 6) are citizens of Connecticut, EHP is also a citizen of Connecticut.

That EHP is a nominal defendant in this action is irrelevant for purposes of diversity. "In a derivative suit," such as this, "the entity on whose behalf suit is brought may be re-aligned as a defendant for diversity purposes when," as here, "it is 'hostile' to the action." *DirecTV Latin Am., LLC v. Park 610, LLC*, No. 08 CIV. 3987 VMGWG, 2009 WL 692202, at *5 (S.D.N.Y. Mar. 18, 2009) r*eport and recommendation adopted sub nom. DirecTV Latin Am., L.L.C. v. Park 610, L.L.C.*, 614 F. Supp. 2d 446 (S.D.N.Y. 2009); *see Smith v. Sperling*, 354 U.S. 91, 97 (1957) ("Whenever the management refuses to take action to undo a business transaction or whenever . . . it so solidly approves it that any demand to rescind would be futile, antagonism is evident. The cause of action, to be sure, is that of the corporation. But the corporation has become through its managers hostile and antagonistic to the enforcement of the claim."); *see also Bischoff v. Boar's Head Provisions Co.*, 436 F. Supp. 2d 626, 634 (S.D.N.Y. 2006) ("There is no dispute that as long as Bischoff may bring derivative claims on behalf of FB Co., then FB Co. is a true defendant that destroys complete diversity in this case."). EHP is therefore properly considered a defendant here.

For the foregoing reasons, and absent objection from Defendants, Plaintiff's Motion [Doc. # 13] to Remand Case to State Court is GRANTED. The Clerk is directed

to remand this case to the Superior Court for the Judicial District of Middlesex at Middletown for further proceedings.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 17th day of November, 2014.